[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14845
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:06-tp-80004-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY J. THOMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 23, 2012)

Before BARKETT, WILSON, and PRYOR, Circuit Judges.

PER CURIAM:

Anthony Thompson appeals his sentence of seven and a half months of imprisonment following the revocation of his supervised release. Thompson admitted that he was convicted of grand theft in state court while he was on supervised release, which violated the conditions of his supervised release. On appeal, Thompson argues that the district court abused its discretion when it denied his request to present a witness who would attack the validity of the state conviction.

At a supervised release revocation hearing, the defendant is entitled to "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interests of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C). Here, Thompson intended to present testimony that one of the witness against him in the state case lied, and that the lie contributed to his state conviction. However, we have said that a supervised release revocation hearing is "not the proper forum" for a defendant "to attack the conviction giving rise to the revocation." *United States v. Hofierka*, 83 F.3d 357, 363 (11th Cir. 1996) (per curiam).

Since Thompson sought to attack the validity of his underlying state court conviction, we find no abuse of discretion by the district court in declining to hear Thompson's witness. The testimony would have been irrelevant since the state

2

conviction would still be presumed valid until it is vacated on direct state review or an appropriate collateral proceeding. In such event, Thompson may then be entitled to return to federal court and seek a modification of his supervised release revocation. However, his revocation hearing was not the proper forum to present such evidence.

**AFFIRMED.**